(Reap. Dec. 9828)

S. S. KRESGE Co. *v.* UNITED STATES

Entry No. 838873.

(Decided October 31, 1960)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

FORD, Judge: The merchandise covered by the instant appeal consists of wool doll clothing, toys, rayon parasols, silk fans, and rubber novelties for dogs, which were exported from Japan. The entry was made under duress pursuant to the provisions of section 503 of the Tariff Act of 1930, and the merchandise appears to have been entered at the invoice unit prices, plus the *pro rata* share of all charges, except the buying commission and the consular fee. The commercial invoice sets forth the ex-factory unit price including case and packing charges and separately enumerates, under the heading "Charges," expenses for freight, insurance, storage, hauling and lighterage, handling, and petties, representing a sum of $181.20, which sum was added upon entry to make market value under the duress provisions of section 503, *supra*.

The merchandise was appraised as entered under duress. While the basis of appraisement is not shown by the official papers, both parties are in apparent agreement, as expressed in their separate findings of facts submitted to the court, that the export value, as defined in section 402(d) of the Tariff Act of 1930, properly applies. It is, therefore, apparent that the issue before me for determination is whether the items enumerated as charges are properly part of the dutiable value of the involved merchandise. Since buying commission and consular fee were allowed by the appraiser, there appears to be no question as to these two items.

In an effort to substantiate its position, plaintiff herein offered and there was received in evidence as plaintiff's collective exhibit 1, an affidavit with attachments, executed by the president of the shipping company, Takizawa & Co., Ltd. In addition there was received as

plaintiff's collective exhibit 2, the commercial and consular invoices and an import order which was stipulated to be representative of the import order herein.

The affidavit of Masashi Takizawa, president of Takizawa & Co., Ltd., of Tokyo, Japan, plaintiff's collective exhibit 1, recites that Takizawa & Co., Ltd., of Tokyo, Japan, was employed as buying agent for S. S. Kresge Co. of Detroit early in 1950 and continued to act as buying agent for this principal up to the end of March 1958; that when S. S. Kresge Co. instructed Takizawa & Co., Ltd., to purchase merchandise for its account, the affiant and his assistants, acting under his supervision and control, visited manufacturers of the merchandise desired and placed orders on behalf of its principal; that Masashi Takizawa was fully informed and thoroughly familiar with the prices at which manufacturers of merchandise were offering their merchandise for sale since 1950; that he was personally familiar with all terms and conditions of the sale of merchandise purchased for his principal from Sakai & Co., Ltd., the party indicated on the consular invoice herein as the seller.

The affiant further stated that, during this entire period, this manufacturer had freely offered for sale merchandise which was identical or substantially similar to the merchandise shipped to S. S. Kresge Co.; that the price did not depend in any way on the quantity purchased and that there was no restriction whatsoever as to resale price, disposition, use, or in any other respect; that each and every one of these sales had been at an ex-factory price and that charges arising after the merchandise left the factory were for the account of and were paid for by the purchaser or his agent; that the Tokyo area was the principal market of Japan for the sale of this merchandise.

Attached to the affidavit was a typical invoice showing ex-factory prices, plus, but not included therein, the charges subsequently arising together with the original invoice received from the manufacturer, and a bill for other charges.

It is the contention of the plaintiff that the inland charges hereinabove specified are not part of the dutiable value of the instant merchandise, since allegedly the record establishes that such or similar merchandise could be purchased ex-factory and since said charges are separately shown on the invoice. It is further contended that the facts in the instant case are the same in all material respects as those in *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71, and *Gitkin Co.* v. *United States*, 43 Cust. Ct. 508, Reap. Dec. 9524 (appeal pending) and, to that extent, the instant case is distinguishable from the situations in the cases of *United States* v. *Paul A. Straub & Co., Inc.*, 41 C.C.P.A. (Customs) 209, C.A.D. 553, and *Albert Mottola, etc.* v. *United States*, 46 C.C.P.A. (Customs) 17, C.A.D. 689.

It is further contended, under the principle expressed in *United States* v. *Fritzsche Bros., Inc.*, 35 C.C.P.A. (Customs) 60, C.A.D. 371, that the correctness of the appraiser's action may be challenged without bringing up for review any other elements considered in the appraisement of the instant merchandise.

Counsel for defendant takes the position that plaintiff's collective exhibit 1, the affidavit, contains hearsay averments, conclusions, etc., and, therefore, contributes nothing substantially toward a favorable conclusion of the values claimed by the importer, citing *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *Kobe Import Co.* v. *United States*, 42 C.C.P.A. (Customs) 194, C.A.D. 593; *Same* v. *Same*, 43 C.C.P.A. (Customs) 136, C.A.D. 620; *United States* v. *Fisher Scientific Co.*, 44 C.C.P.A. (Customs) 122, C.A.D. 648, and other cases.

The *Brechner* case, *supra*, and the *Gitkin* case, *supra*, have a number of facts in common with the instant appeal. However, for the reasons set forth, *infra*, I do not believe these cases to be controlling herein. In all three cases, the manner of preparation of the invoices appears to be similar in that the merchandise is priced ex-factory and the charges are separately enumerated. In the *Brechner* case, *supra*, and the *Gitkin* case, *supra*, affidavits of the manufacturers were received in evidence to establish the manner of sale. In addition, in the *Gitkin* case, to a number of the affidavits there were attached lists of sales. The court, accordingly, considered the evidence before it to be substantial and, therefore, did not fall within the pronouncements of the *Brooks Paper Company* case, *supra*, or the *Kobe Import* cases, *supra*.

An examination of the affidavit herein appears to relegate said document to the pronouncements of the above-cited cases, since it contains declarations of ultimate facts without proper support from evidentiary facts. The affidavit, being from the shipper and not the manufacturer, does not contain evidentiary facts as to whether the manufacturer freely offered the merchandise ex-factory. The affiant only states, as an evidentiary fact, how the merchandise was offered to him.

In view of the foregoing, it is unnecessary for the court to consider the applicability of the principle expressed in the *Fritzsche Bros.* case, *supra*.

Accordingly, plaintiff herein has failed to overcome the presumption of correctness attaching to the appraiser's finding of value.

The court, therefore, finds:

1. That the merchandise covered by the instant appeal for reappraisement consists of wool doll clothing, toys, rayon parasols, silk fans, and rubber novelties for dogs, exported from Japan, which were entered under duress pursuant to the provisions of section 503 of the

Tariff Act of 1930, at the invoice unit prices, plus the *pro rata* share of all charges, except the buying commission and consular fee.

2. That said merchandise was appraised as entered on the basis of export value, as defined in section 402(d) of the Tariff Act of 1930.

The court, therefore, concludes:

1. That the statutory presumption of correctness attaching to the appraiser's return of value for the merchandise covered by this appeal for reappraisement has not been overcome.

2. That the proper basis for appraisement of the merchandise involved herein is the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, and that such values are as found by the appraiser.

Judgment will be rendered accordingly.